**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VICTORIA G. COLLIN,** | ) | **CASE NO.1:16CV2508** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | **OPINION AND ORDER** |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion of Nancy A. Berryhill, acting commissioner of the Social Security Administration ("SSA"), to dismiss Petitioner's request for Writ of Mandamus for lack of subject-matter jurisdiction pursuant to Fed. R. Civ P. 12(b)(1). (ECF # 9). For the following reasons, the Respondent's Motion to Dismiss is GRANTED.

**I. FACTUAL AND PROCEDURAL HISTORY**

Petitioner Victoria G. Collin filed this petition for Writ of Mandamus on February 15, 2017, against Respondent ("the Government") Nancy A. Berryhill[1], the acting Commissioner of

---

[1] Replacing previous SSA commissioner Carolyn W. Colvin as Respondent pursuant to Fed. R. Civ P. 25.

Social Security, to compel the Government to: (1) reinstate Social Security garnishments ("garnishments") of James R. Jacobs and (2) issue payments for amounts allegedly "due and owed" by the Government. Petitioner's request for (1) reinstatement is no longer at issue because garnishments resumed in February 2017. On February 15, 2017, the Defendant filed a Motion to Dismiss the claim (2) of payments "due and owed."

Petitioner obtained a Cuyahoga County Court order to garnish the Social Security benefits of her ex-husband, Mr. Jacobs, as child support authorized by 42 U.S.C. § 659. Payment began in September 2014 and stopped in October 2015. On October 8, 2015, the Government issued notification to Petitioner that it had received a "stop order" and garnishment payments would cease. Neither the Petitioner, nor Petitioner's representative issued a "stop order" request to cease garnishments by the Government. In December 2015, Petitioner sent a letter to the Government, requesting (1) reinstatement and (2) retroactive garnishments due. The Government resumed payment of garnishments in January 2017. Petitioner, having exhausted all other avenues for relief and with no other adequate remedy at law, requests a Writ of Mandamus to compel the Government to pay those garnishments uncollected from October 2015 through January 2017.

## II. LAW AND ANALYSIS

### A. Standard of Review

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief.."

> As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the Petitioner pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 557.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### B. Article III Standing

The Constitution limits federal court jurisdiction to "cases" or "controversies." U.S.

CONST. art. III, § 2, cl. 1. One aspect of case-or-controversy is standing to sue. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 64 (1997), citing *Northeastern Fla. Chapter, Assc. Gen. Contractors of America v. Jacksonville*, 508 U.S. 656, 663-664 (1993). To have standing, a petitioner must show: (1) they have suffered an injury in fact, which is a violation of a "legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not just hypothetical;" (2) a causal connection between the injury and defendant's conduct; and (3) a favorable decision will likely redress the issue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Petitioner's request for reinstatement of garnishments by the SSA has been reinstated and she no longer has an injury that requires remedy. Petitioner's first cause of action is moot.

## C. Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *McCormick v. Sullivant*, 23 U.S. 192, 199 (1825). A Federal Rules of Civil Procedure 12(b)(1) motion to dismiss on the basis of jurisdiction may be sustained by a facial or factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In such a motion, the Petitioner has the burden to prove subject-matter jurisdiction exists. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182 (1936). A facial attack "is a challenge to the sufficiency of the pleading itself" and a court must "take the material allegations of the pleading as true and construed in a light most favorable to the nonmoving party." *Ritchie*, 15 F3d. at 598. Conversely, a factual attack is "a challenge to the factual existence of subject matter jurisdiction." *Id*. Factual attacks require no presumptions of truthfulness for either party and the court may consider evidence outside the complaint to determine its authority to hear the case. *Id*.; *Ohio Nat'l Life Ins. Co v. United States*, 922 F.2d

4

320, 325 (6th Cir. 1990). Under a facial challenge, the non-moving party "can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir.1996).

**D. 42 U.S.C. § 659 Standing**

The SSA is an extension of the Federal Government and entitled to the protections of sovereign immunity. *See, e.g.*, *Whittle v. United States*, 7 F.3d 1259,1262 (6th Cir. 1993). The United States, as a sovereign entity, "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 213 U.S. 584 (1941). Any waiver of this sovereign immunity must be unequivocal, explicit, and may not be implied. *United States v. Mitchell*, 463 U.S. 206, 212 (1980). Any ambiguity will be strictly construed in favor of the sovereign. *United States v. Testan*, 424 U.S. 392, 399 (1976).

While 42 U.S.C. § 659 does grant a limited waiver of sovereign immunity, "it merely removes the government's immunity from a garnishment proceeding authorized under state law without conferring jurisdiction upon the federal courts to entertain such actions." *Morrison v. Morrison*, 408 F.Supp. 315, 316 (N.D.Tex.1976); *see also Stubli v. Principi*, 362 F.2d 949, 951 (N.D.Ohio 2005). 5 CFR § 581.305(e)(2) protects against the Government's liability for failure to comply with the legal process and was passed with the intention of protecting against claims against the Government that stemmed from 42 U.S.C. § 659 and its waiver of sovereign immunity.[2] *See Jacobson v. United States* 129 A.3d 1103 (N.J. Super. Ct. App. Div.,. 2011) citing 62 *Fed. Reg*. 31763 (June 11, 1997). The Government does not waive sovereign immunity

---

[2] This was in part in response to cases which exposed the Government to liability where it failed to collect garnishments stemming from, for example, alimony or child support judgments. *See generally DeTienne v. DeTienne*, 815 F.Supp. 394 (D.Kan.1993)

when it submits to a Garnishment Order. *Stubli* 362 at 951. Furthermore, garnishment is purely a creature of state law. *Harris v. Balk,* 198 U.S. 215, 226 (1905). Consequently, the Government cannot be sued for money damages arising from garnishments under 42 U.S.C. § 659. *Stubli* 362 at 951.

The Petitioner's argument appears to proceed on the theory that because there had been previous delays (the Government sent a check in May 2015 for amounts garnished from November 2014 to April 2015), either the Government's failure to send garnishments for the period of November 2015 through January 2015 represents a similar delay or that the Government acknowledged the "due and owed" payments. Ostensibly, Petitioner contends that she is essentially requesting a check that never came or, alternatively, that the Government implicitly created a duty for itself "by the recognition that payments were due." In the Petitioner's view, this would take her request out of the realm of money damages. However, this is demonstrably false. The Government issued a "stop payment" notice and thus it was a failure to withhold rather than a 'check lost in the mail.' The Petitioner herself recognized this fact in her original request that the garnishments be "reinstated." Consequently, the Petitioner's suit is for damages against the Government, not for a release of payment. Equally untenable is Petitioner's argument that the Government waived sovereign immunity when it recognized payments were due. The Government cannot waive its sovereign immunity implicitly. *King*, 395 U.S. at 89.

The only waiver of sovereign immunity with respect to 42 U.S.C. § 659 was created to "simply authorize...federal agencies to honor state court garnishment orders." *Stubli* 362 F. Supp. 2d at 951. 5 C.F.R. § 581.305 is specifically amended to protect the Government from

6

money damages liability arising from 42 U.S.C. § 659. *See Jacobson* 129 at 1110 quoting 62 *Fed. Reg*. 31763 (June 11, 1997). The Government has retained its sovereign immunity and there is no federal cause of action. Therefore, this court lacks subject-matter jurisdiction over Petitioner's claim of funds "due and owing" over the period in question.

**E. Writ of Mandamus**

"Mandamus is an extraordinary remedy, and it will only be granted when the Petitioner shows that its right to issuance of the writ is clear and indisputable. Only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Armco, Inc. v. Usw, AFL-CIO, Local 169*, 280 F.3d 669, 683 (6th Cir. 2002) (citing *In re Bendectin Products Liability Litigation*, 749 F.2d 300, 303 (6th Cir. 1984)); *see also* K*err v. United States District Court for the Northern District of California,* 426 U.S. 394, 402 (1976). The Petitioner has the burden of showing that mandamus is the proper remedy and must establish a "clear and indisputable right" to the relief requested. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978). "Mandamus issues to compel an officer to perform a purely ministerial duty. It cannot be used to compel or control a duty in the discharge of which by law he is given discretion." *Work v. United States ex rel. Rives*, 267 U.S. 175, 177 (1925). "The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy." *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979), quoting *Ex parte Rowland*, 104 U.S. 604, 617 (1882).

The garnishment actions or lack thereof by the SSA do not constitute a mandatory or ministerial act. The SSA does not owe a duty to Petitioner. *See* 28 U.S.C. § 1361; 5 C.F.R. §

7

581.305(e)(2). Nor can Petitioner show that she has met the threshold for right of relief and therefore fails to state a claim upon which she is entitled to relief. Fed. R. Civ P. 12(b)(6).

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**

                        **s/ Christopher A. Boyko**
                        **CHRISTOPHER A. BOYKO**
                        **United States District Judge**

**Dated: May 23, 2017**